**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 12-01670 VAP (OPx)                    Date:  October 3, 2012

Title:     WELLS FARGO BANK, N.A. -*v*- ANTHONY RODRIGUEZ; AND DOES 1
           TO 10, INCLUSIVE
===============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                          None Present
        Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

        None                               None

PROCEEDINGS:        MINUTE ORDER REMANDING ACTION TO THE
                    CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF
                    RIVERSIDE (IN CHAMBERS)

        On October 2, 2012, Defendant Anthony Rodriguez removed this action from
the California Superior Court for the County of Riverside.  Defendant alleges the
Court has subject-matter jurisdiction to hear this matter "under federal questions."
(<u>See</u> Not. of Removal).  For the following reasons, the Court REMANDS the action
to the California Superior Court for the County of Riverside.

MINUTES FORM 11                              Initials of Deputy Clerk __md__
CIVIL -- GEN                    Page 1

EDCV 12-01670 VAP (OPx)
WELLS FARGO BANK, N.A. v. ANTHONY RODRIGUEZ; AND DOES 1 TO 10, INCLUSIVE
MINUTE ORDER of October 3, 2012

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendant alleges the basis for removal is "federal questions." From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Without a federal question, there is no federal question jurisdiction. Accordingly, the Court REMANDS this matter to the California Superior Court for the County of Riverside.

As a result of the Court's lack of subject-matter jurisdiction, the Court does not reach the merits of Defendant's Request for Temporary Restraining Order, filed October 2, 2012.

**IT IS SO ORDERED.**